UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALI OMAR POLK,

    Petitioner,

    v.

KATHLEEN DICKINSON, Warden,

    Respondent.
_____/

No. C 10-5529 PJH

**ORDER TO SHOW CAUSE**

    Petitioner Ali Omar Polk ("Polk"), a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

    A jury in the Alameda County Superior Court convicted Polk of second-degree murder and of possession of a firearm by a felon. The jury further found that Polk personally used a firearm to inflict great bodily injury. The court sentenced Polk to fifteen years to life in prison on the murder conviction, and added twenty-five years for one of the firearm enhancements, resulting in an aggregate sentence of forty years to life in prison.

    Polk appealed to the California Court of Appeal, which affirmed his conviction and sentence on May 29, 2009. The California Supreme Court denied review on September 9, 2009. Polk filed the instant petition on December 6, 2010.

## DISCUSSION

**A.    Legal Standard**

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Legal Claims**

Polk raises three claims for federal habeas relief, including:

(1) that his Fifth, Sixth, and Fourteenth Amendment due process, equal protection, and fair trial rights were violated when the prosecution peremptorily challenged eight potential jurors on the basis of their gender;

(2)  that his Fifth, Sixth, and Fourteenth Amendment due process, equal protection, and fair trial rights were violated when the trial court failed to adequately investigate reported juror misconduct; and

(3) that the cumulative effect of the errors violated his constitutional rights.

Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     Petitioner is ordered to pay the filing fee required in habeas cases.

2.     The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents.  The clerk shall also serve a copy of this order on petitioner.

3.     Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

4. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

Dated: December 9, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge